PATTERSON, Chief Judge.
T.M., the mother, appeals from the order terminating her parental rights to her children, K.M. and A.M. We reverse the order terminating the mother’s parental rights and remand for further proceedings.
The mother concedes, for the sake of argument, that at least one of the grounds for termination of parental rights under section 39.806, Florida Statutes (1999), is present. The issue then is whether the Department of Children and Families proved by clear and convincing evidence the additional requirement that termination is in the manifest best interests of the children. See §§ 39.802(4), 39.809(1), 39.810, Fla. Stat. (1999). The trial court’s order states that the court considered all of the statutory factors under section 39.810 in determining the manifest best interests of the children. The trial court made detailed factual findings in its order *307 but specifically made written findings on only three of the eleven factors under section 39.810. Our concern is whether the trial court considered the factor of whether there is a suitable permanent custody arrangement with a relative of the children. See § 39.810(1), Fla. Stat. (1999).
It appears that the children had been doing well in the maternal grandmother’s custody since they were sheltered in June 1998. The maternal grandmother did not testify regarding her ability or inclination to take permanent custody of the children. In addition, the trial transcript does not reveal any other evidence relating to this issue. Thus, we reverse the termination of parental rights as to the mother and remand for the trial court to conduct further proceedings to consider all of the statutory factors under section 39.810 and enter an appropriate written order with factual findings. See In the Interest of C.K., 601 So.2d 1331 (Fla. 2d DCA 1992).
ALTENBERND and SALCINES, JJ., concur.